UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
SANDY CHADEE,

        Plaintiffs,

- against -

RITA KAUFMAN and
HON. DEBRA SILBER,

        Defendants.
----------------------------------------------------------X

**MEMORANDUM AND ORDER**
12-CV-3098 (RRM)(LB)

ROSLYNN R. MAUSKOPF, United States District Judge.

    Plaintiff, appearing *pro se*, filed the instant complaint pursuant to 28 U.S.C. § 1331, and 42 U.S.C. §§ 1983 and 1985. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons discussed below, the Court dismisses the complaint for lack of subject matter jurisdiction.

**BACKGROUND**

    This action arises out of a child custody dispute. *See Pena v. Chadee, and Chadee v. Pena*, Docket Nos. V-00084/06; V-00208/08, slip op. at 1-6 (N.Y. Sup. Ct., Richmond Cnty., Jul. 6, 2010) (Doc. No. 1-2, Ex. AA). Plaintiff alleges that defendant Rita Kaufman, a law guardian assigned to represent plaintiff's child and defendant Justice Debra Silber, a Justice of the Supreme Court, Richmond County, engaged in a conspiracy to deprive her of custody of her child. (Compl. at 51, ¶ 50.) Plaintiff further alleges that defendants violated her federal constitutional rights in the course of that conspiracy. Plaintiff seeks declaratory relief, injunctive relief and court costs and fees.

**STANDARD OF REVIEW**

    Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis*

1

action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy;" or (2) "the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (quotation marks omitted).

At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191-93 (2d Cir. 2008).

**DISCUSSION**

Federal courts are courts of limited jurisdiction. Pursuant to Article III of the Constitution, Congress has granted district courts jurisdiction to hear only those cases in which there is either a federal question or where jurisdiction is based on diversity of citizenship. *See Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 136 (2d Cir. 2002). If subject matter jurisdiction is lacking, a case may not be brought in federal court. "Unlike failure of personal jurisdiction, failure of subject matter jurisdiction is not waivable and may be raised at any time by a party or

by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *United Food & Commercial Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994)). Accordingly, "before deciding any case we are required to assure ourselves that the case is properly within our subject matter jurisdiction." *Wynn v. AC Rochester*, 273 F.3d 153, 157 (2d Cir. 2001) (citations omitted).

The instant complaint fails to present a federal question or jurisdiction based on diversity, and instead presents questions concerning domestic relations, namely child custody. Federal courts generally lack subject matter jurisdiction over such claims. "So strong is [the Supreme Court's] deference to state law in this area that [the Supreme Court has] recognized a 'domestic relations exception' that 'divests the federal courts of power to issue divorce, alimony, and child custody decrees.' " *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12-13 (2004) (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)); *see also Am. Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990) (finding that federal courts should abstain from exercising jurisdiction over cases "on the verge" of being matrimonial in nature); *Fischer v. Clark*, No. 08-CV-3807 (JS), 2009 WL 3063313, at *2 (E.D.N.Y. Sept. 24, 2009).

Here, plaintiff challenges the order granting custody of her child to the father, and although plaintiff invokes her constitutional rights, the essence of her allegations concern state law domestic relations matters. *See Schottel v. Kutyba*, No. 06-1577-cv, 2009 WL 230106, at *1 (2d Cir. Feb. 2, 2009) (finding that plaintiff's tort claims "begin and end in a domestic dispute" and state courts are better suited to that adjudication); *Sullivan v. Xu*, No. 10-CV-3626 (ENV), 2010 WL 3238979, at *2 (E.D.N.Y. Aug. 13, 2010) ("Although plaintiff invokes his

constitutional rights, the substance of his claims [regarding child support and child custody orders] concern state law domestic relations matters."); *McKnight v. Middleton*, 699 F. Supp. 2d 507, 516-17 (E.D.N.Y. 2010), *aff'd*, 434 Fed. App'x 32 (2d Cir. 2011); *Puletti v. Patel*, No. 05 CV 2293 (SJ), 2006 WL 2010809, at *4 (E.D.N.Y. Jul. 14, 2006). The Court may not review the custody decree adjudicating the rights between plaintiff and the father of her child. Plaintiff's claims are directly related the state custody proceedings and the Court could not resolve this dispute without "becom[ing] embroiled in factual disputes concerning custody and visitation matters." *Neustein v. Orbach*, 732 F. Supp. 333, 339 (E.D.N.Y. 1990). Such is not the role of the federal courts.

Moreover, under the *Rooker-Feldman*, doctrine, federal courts generally are not authorized to exercise appellate jurisdiction over state-court judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005); *McKithen v. Brown*, 481 F.3d 89, 96-97 (2d Cir. 2007). Accordingly, plaintiff may not seek to collaterally attack in this Court the state court orders relating to the custody proceeding. *Csikota v. Tolkachev*, No. 08-CV-5283, 2010 WL 370284, at *3 (E.D.N.Y. Jan. 29, 2010).

Finally, plaintiff may not bring this action against defendant Silber, the Justice who presided over the custody proceeding. As the alleged wrongdoings of Justice Silber are acts clearly performed in her judicial capacity in connection with plaintiff's custody proceeding, plaintiff's claims are foreclosed by absolute immunity. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Dupree v. Bivona*, No. 07-4599-cv, 2009 WL 82717, at *1-2 (2d Cir. Jan. 14, 2009); *McHenry v. Trager*, No. 07-CV-5242 (DLI), 2008 WL 115391, at *1 (E.D.N.Y. Jan. 10, 2008); 28 U.S.C. § 1915(e)(2)(B).

## CONCLUSION

Accordingly, plaintiff's complaint is dismissed in its entirety for lack of subject matter jurisdiction, and in the alternative for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B). The Court lacks jurisdiction to rule on plaintiff's requests for injunctive and declaratory relief. The Clerk of Court is directed to enter judgment accordingly, mail a copy of the judgment and this Memorandum and Order to plaintiff, and close the file in this Court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
June 26, 2012

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge