UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SANDY CHADEE,

        Plaintiff,                                     **MEMORANDUM AND ORDER**
                                                               12-CV-3098 (RRM)(LB)
    - against -

RITA KAUFMAN and
HON. DEBRA SILBER,

        Defendants.
------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

On June 18, 2012, plaintiff, appearing pro se, filed the instant complaint pursuant to 28 U.S.C. § 1331, and 42 U.S.C. §§ 1983, and 1985. By order dated June 26, 2012, the Court granted plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and dismissed the complaint for lack of subject matter jurisdiction, and in the alternative for failure to state a claim upon which relief may be granted. Judgment was entered on June 27, 2012.

On July 25, 2012, plaintiff filed a motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. For the reasons stated below, the motion for reconsideration is DENIED.

## DISCUSSION

To take advantage of Rule 59(e), the moving party must seek reconsideration "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e); *see also* Local Civ. R. 6.3. Here plaintiff's motion was filed 28 days after entry of judgment and is timely.

Under Rule 59(e), the Court may only "alter or amend [the] judgment to correct a clear error of law or prevent manifest injustice." *Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135, 153 (2d Cir. 2008) (citation omitted). Moreover, the motion for reconsideration "may not be used to

1

advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for re-litigating issues already decided by the Court." *American ORT, Inc. v. ORT Israel*, No. 07 Civ. 2332, 2009 WL 233950, at *3 (S.D.N.Y. Jan. 22, 2009) (citation omitted). A motion for reconsideration pursuant to Rule 59(e) is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Johnson v. New York City*, No. 10 Civ. 5359, 2011 WL 2471030, at *1 (S.D.N.Y. June 21, 2011) (quoting *Cordero v. Astrue*, 574 F. Supp. 2d 373, 380 (S.D.N.Y. 2008)).

Plaintiff's motion for reconsideration does little more than reiterate plaintiff's original position. She once again seeks to argue the merits of her child custody dispute. Plaintiff offers no legal or factual basis for reconsideration. Furthermore, plaintiff fails to allege, nor does the Court find, that reconsideration is warranted to prevent manifest injustice.

## CONCLUSION

Accordingly, plaintiff's motion brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore, *in forma pauperis* status is denied for purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Order to plaintiff.

SO ORDERED.

Dated: Brooklyn, New York
      August 15, 2012

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge